IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| HITESH PATEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No: |
| | ) |
| SCOTTSDALE INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S COMPLAINT FOR BREACH OF CONTRACT
AND FOR VEXATIOUS REFUSAL TO PAY**

COMES NOW, the Plaintiff, HITESH PATEL, (hereinafter, "Plaintiff"), by and through the undersigned counsel, and respectfully files this two-count Complaint for Breach of Contract and for Vexatious Refusal to Pay against Defendant, SCOTTSDALE INSURANCE COMPANY, (hereinafter, "Defendant") and states as follows.

**PARTIES**

1. Plaintiff is a citizen of the State of Missouri who owns personal and commercial property in the State of Missouri and who operates his business in the State of Missouri.

2. Specifically, Plaintiff owns commercial buildings and a parking lot located at 11015 E. 39th Street, and 11000 E. Hwy 40 and 11004 E. U.S. Highway 40, Independence, Missouri, 64052, which is the subject of this lawsuit.

3. Defendant is a foreign insurance corporation with its principal place of business located in Columbus, Ohio and with its registered agent located in Tallahassee, Florida.

## JURISDICTION AND VENUE

4. Jurisdiction is proper with this Court pursuant to 28 U.S.C § 1332(a) because the parties are of diverse citizenship and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

5. Venue is proper with this Court pursuant to 28 U.S.C. § 1391(a) and Local Rule 3.1 because a substantial part of the events or omissions giving rise to this action occurred in Missouri, and because the insured property that is the subject of the action is situated in Independence, Missouri.

## GENERAL ALLEGATIONS

6. At all times material hereto, Plaintiff was insured by Defendant. A true and correct copy of the Policy, Policy # CPS2630425 is attached hereto and incorporated herein as **Exhibit "A."**

7. The policy was effective from January 25, 2017 to January 25, 2018, and Plaintiff paid all premiums on the Policy. As such, the Policy was in full force and effect at all times material hereto.

8. All conditions precedent to obtaining payment of benefits under the Policy have been complied with, met, waived, or otherwise satisfied.

9. On or about March 14, 2017, Plaintiff's property located at 11004 E. U.S. Highway 40, Independence, Missouri, 64052 suffered damages resulting from a fire.

10. Plaintiff hired a Missouri-licensed public adjuster, William Cox, of Insurance Adjusters Group, LLC to assist him with the loss.

11. Plaintiff timely notified Defendant regarding the loss, and Defendant then assigned a claim number to Plaintiff's claim: 01756889.

12. Defendant then improperly determined that the Plaintiff did not have coverage for the loss, and denied the Plaintiff's legitimate claim.

13. Nonetheless, Defendant and or its representatives went out and inspected the building without the Plaintiff or the Public Adjuster's notice.

14. Plaintiff was notified by the City of Independence that the property would be demolished.

15. Thereafter, Plaintiff provided notice to Defendant of this notice so as to give it one last opportunity to inspect the damaged property before it would be destroyed.

16. To date, however, the Defendant has failed to properly investigate the loss and/or pay the claim.

17. Plaintiff, through his Public Adjuster, also requested several documents from Defendant, only some of which have been produced.

18. Plaintiff has complied with all conditions precedent to filing this lawsuit, yet Defendant has improperly denied the claim and has failed to otherwise meet its obligations under the policy of insurance.

### COUNT I
### (FOR BREACH OF CONTRACT)

19. Plaintiff hereby re-alleges paragraphs one through eighteen, as if fully set forth herein and states.

20. This is an action for damages for a breach of contract against Defendant for benefits under an insurance policy, Policy # CPS2630425 that was in effect at the time of the loss.

21. Defendant underwrote and issued an insurance policy that covered the Plaintiff's property effective from January 25, 2017 to January 25, 2018. *See* **Exhibit "A."**

22. The insurance policy is an all-risks policy that provides coverage for any and all perils not specifically excluded under the terms of the insurance policy.

23. Fire is among the covered losses under the policy and were not excluded.

24. On March 14, 2017 while the policy was in full force and effect, Plaintiff's property suffered damages as a result of a fire.

25. Plaintiff provided prompt notice of its claim to Defendant.

26. Nonetheless, despite Plaintiff's full cooperation with the pertinent policy conditions, the Defendant improperly denied the claim without performing an investigation, and then proceeded to investigate the property after its claims decision had already been made, and without the property owner's permission.

27. Defendant's refusal to properly investigate the loss and tender payment resulting from the covered loss is a breach of the terms of the policy.

28. The notice from the city of demolition is evidence that a total loss has occurred.

29. Defendant has failed to pay for the total loss that has occurred to the building.

30. As direct result of Defendant's breach of the terms of the insurance contract, Plaintiff has suffered a total loss to the damaged structure, consequential damages resulting from Defendant's refusal to pay the Plaintiff the requisite policy benefits and delay, as well as the costs associated with hiring a Public Adjuster and Attorneys to assist him with the loss, appropriate interest and taxable costs.

**WHEREFORE**, Plaintiff, HITESH PATEL, prays this Court enter an award against Defendant, SCOTTSDALE INSURANCE COMPANY, for compensatory damages,

consequential damages, exceeding the sum of $75,000, pre-judgment interest, costs of this action, attorneys' fees; and such other further relief this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Further, Plaintiff demands a trial by jury on all issues so triable as a matter of right.

## **COUNT II**
### **(FOR VEXATIOUS REFUSAL TO PAY)**

31. Plaintiff re-alleges paragraphs numbered one through thirty as if fully set forth herein and further states:

32. Despite the policy covering for direct physical damage, and a covered loss resulting in a total loss, the Defendant has denied the Plaintiff's claim in its entirety and refuses to admit that there is even coverage for the loss.

33. Defendant denied the claim without investigating the loss.

34. Instead of performing an investigation of the insured building, Defendant misread its own policy and denied the claim based on its own error.

35. Defendant then inspected the building without providing notice to the insured and/or its representatives.

36. These acts and inactions by the Defendant have significantly delayed the claim.

37. Defendant's failure to indemnify the Plaintiff for its covered loss is an example of a vexatious refusal to pay claim damages.

38. Defendant denied the claim based on misinformation.

39. Moreover, Defendant failed and refused to provide requested documentation to the Plaintiff, including information collected at its inspection.

40. As such, Defendant failed to fully explain to its insured and/or his representatives why it would not cover the loss.

41. Defendant's failure to clearly communicate with Plaintiff and/or his representatives is another example of its misconduct and vexatious refusal to pay claim damages.

42. Defendant failed to state its intention to pay or not pay Plaintiff's claim within 30 days after receiving the proof of loss; instead it told the Plaintiff, in error, that he did not have coverage for the loss.

43. Defendant's failure to state its intentions timely is also an example of its vexatious refusal to pay claim damages.

44. Defendant's vexatious refusal to pay the Plaintiff's claim is without just cause or excuse.

45. As a direct and proximate result of Defendant's breach of insurance contract and vexatious refusal to pay Plaintiff's claim, Plaintiff has suffered the following damages:

    a. Public Adjuster's fees associated with the representation of its claim;

    b. A total loss to the insured structure;

    c. Attorneys' fees and costs; and

    d. Interest from payment on the loss that should have been already been paid.

46. Defendant's refusal to tender adequate payment for Plaintiff's covered loss, which is due and owing under the policy of insurance, is a vexatious failure to pay pursuant to Missouri Statutes §§ 375.420 and 375.296 and accordingly, Plaintiff is entitled to additional damages provided by these statutes, including reasonable attorneys' fees and costs associated with the prosecution of this case.

### DEMAND FOR JURY TRIAL

Further, Plaintiff, HITESH PATEL, demands a trial by jury on all issues so triable as a matter of right.

**MERLIN LAW GROUP, P.A.**

By:    /s/*Larry Bache*                */s/ John M. Farris*
      Larry E. Bache, Esq.               John M. Farris MBE# 49401
      Applying Pro Hac Vice           220 Marshall Drive, Suite 10A
      MERLIN LAW GROUP. P.A.      Saint Robert, Missouri 65584
      777 S. Harbour Island Blvd., Suite 950   Phone: (573)336.4035
      Tampa, Florida 33602             Fax: (573)336.3595
      Telephone:    (813) 229-1000     john@johnmfarrislaw.com
      Facsimile:     (813) 229-3692     *Attorney for Plaintiff*
      Email: lbache@merlinlawgroup.com
      Email: uthomas@merlinlawgroup.com
      *Attorneys for Plaintiff*


**PHILIP A. KLAWUHN &**
 **ASSOCIATES, P.C.**

By:    */s/ Philip A. Klawuhn*
      Philip A. Klawuhn        MO #31012
      10150 N. Ambassador Drive, Suite 100
      Kansas City, Missouri 64153
      Telephone: (816) 891-6688
      Facsimile:  (816) 891-7474
      E-Mail: phil@philklaw.com
      *Attorney for Plaintiff*